D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                        Plaintiff,

            -against-

PAULA WHITAKER,

                                        Defendant.

-----------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 2 1 2011 ★

BROOKLYN OFFICE

**MEMORANDUM & ORDER**

**09-CV-2983 (NGG) (ALC)**

Plaintiff, the United States of America, brings this student loan debt enforcement action

against Defendant Paula Whitaker ("Whitaker") pursuant to 20 U.S.C. § 1080.[1]  (Compl. (Docket

Entry # 1).)  The United States now moves for summary judgment.  (Pl.'s Mot. (Docket Entry

# 6).)  For the reasons set forth below, the court grants the United States' motion.

**I.    BACKGROUND**

On January 3, 1987, Whitaker borrowed $2,625 from the Bank of Horton to attend the

Robert Fiance Hair Design Institute.  (See Promissory Note (Ex. A to Pl.'s Mot.); Cert. of

Indebtedness (Ex. A to Docket Entry # 1) at 1; Iannarone Aff. (Pl.'s Mot. at 7) ¶ 7).)[2]  This loan

---

[1] 20 U.S.C. § 1080 provides in part:

> (a) Upon default by the student borrower on any loan covered by Federal loan insurance pursuant to this part, and prior to the commencement of suit or other enforcement proceedings upon security for that loan, the insurance beneficiary shall promptly notify the Commissioner, and the Commissioner shall if requested (at that time or after further collection efforts) by the beneficiary, or may on his own motion, if the insurance is still in effect, pay to the beneficiary the amount of the loss sustained by the insured upon that loan as soon as that amount has been determined....

> (b)(1) Upon payment of the amount of the loss pursuant to subsection (a) of this section, the United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan by the insurance beneficiary.

[2] Plaintiff's affirmation in support of its motion for summary judgment incorrectly states that the original loan amount was $1,800.  (Iannarone Aff. ¶ 7.)

1

obligation was guaranteed by the Higher Education Assistance Foundation and reinsured by the Department of Education under a loan guaranty program authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 et seq.[3]  (Certificate of Indebtedness at 1.)  Whitaker defaulted on the loan on May 20, 1988, and the Bank of Horton filed a claim with a guaranty agency.  (Id.)  On December 23, 1992, after the guaranty agency tried unsuccessfully to collect the outstanding debt, it assigned its rights in the note to the United States.  (Id.)

The United States filed its Complaint against Whitaker on July 10, 2009, seeking to recover the unpaid student loan debt.[4]  (Compl.)  The United States attached to its Complaint a Certificate of Indebtedness from the United States Department of Education, which certifies that, on or about January 3, 1987, Whitaker executed a promissory note to secure her loan; that Whitaker defaulted on her obligation; and that the balance of this debt is now owed to the United States.  (Cert. of Indebtedness at 1.)  This document further certifies that, as of May 14, 1999, the United States had received no payments, and Whitaker's outstanding debt was as follows:

| | |
|---|---|
| Principal: | $ 1413.69 |
| Interest: | $ 1207.06 |
| Administrative/Collection Costs: | $    0.00 |
| Late fees: | $    0.00 |
| Total debt as of 05/14/99: | $ 2620.75 |

(Id.)  Additionally, the Certificate of Indebtedness states that interest will continue to accrue on the principal based on the contractual annual interest rate of 8%.  (Id.)  By the date Plaintiff filed its Complaint, additional interest had accrued, and—according to Plaintiff—the total amount

---

[3]  Under this program, the United States, through the Department of Education, protects the lenders against student borrowers' defaults by insuring repayment of unpaid principal balance and interest.  If a student borrower defaults, the United States discharges the borrower's obligation to the lender, and the lender assigns to the United States all of its rights in the promissory note.

[4]  Pursuant to the Higher Education Technical Amendments of 1991, 20 U.S.C. § 1091a, which applies retroactively, actions to recover on defaulted student loans are not subject to statutes of limitations.

Whitaker owed was $3,747.05. (Compl. ¶ 3.) The Complaint states that "[d]emand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same." (Id. ¶ 4.)

In Whitaker's Answer, she "denies owing the incurred debt of $3,747.05." (Answer (Docker Entry # 3) ¶ 3.) She also "denies prior knowledge of this debt and therefore denies neglecting and refusing to pay the debt." (Id. ¶ 4.)

The United States now moves for summary judgment. (Pl.'s Mot.) Several supporting documents, including a copy of the signed promissory note (id. Ex. A) and the Certificate of Indebtedness (id. Ex. B), are attached to this motion. Plaintiff served on Whitaker a copy of the motion, along with the Notice required by Local Rule 56.2 and a copy of Federal Rule of Civil Procedure 56. (See Iannarone Aff. ¶ 24; Affidavit of Service (Docket Entry # 6 at 26).) Whitaker has not filed any opposition to the motion for summary judgment.

## II.   LEGAL STANDARD

On a motion for summary judgment, the court may consider "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving

3

party." <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 149 (2000). Where a plaintiff proceeds pro se, the court reads his submissions liberally and interprets them as raising the strongest arguments they suggest. <u>See</u> <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004); <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994).

Where the non-moving party does not respond to the motion for summary judgment, the court may not grant the motion by default. Although the non-movant's failure to respond "may allow the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law." <u>Vt. Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 246 (2d Cir. 2004) (internal citations and quotation marks omitted). Accordingly, in reviewing a motion for summary judgment—even one that is unopposed—the court must "determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." <u>Id.</u> (internal quotation marks omitted). The court may accept uncontested affidavits for their truth in summary judgment proceedings. <u>Weinstein v. Albright</u>, 261 F.3d 127, 127 (2d Cir. 2001); <u>C.R.A. Realty Corp. v. Tri-South Investments</u>, 738 F.2d 73, 73 (2d Cir. 1984). If the evidence presented by the movant establishes the non-movant's liability, the court may "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." <u>See</u> Fed. R. Civ. P. 56(e)(3).

III. **DISCUSSION**

**A. Liability**

As proof that Whitaker took out the loan at issue, the United States attaches loan origination documents from the Bank of Horton, including a Guaranteed Student Loan Promissory Note dated January 3, 1987, which bears Whitaker's signature. (Pl.'s Mot. Ex. A.) The court accepts as true Plaintiff's uncontested assertion that Whitaker signed the note.

4

As proof that Whitaker has not paid this loan in full, the United States attaches a Certificate of Indebtedness from the Department of Education. (Pl.'s Mot. Ex. B.) The Certificate of Indebtedness states that Whitaker defaulted on the loan on May 20, 1988, and that as of the issuance of the date of the Certificate on June 4, 1999, the Department had received no payment whatsoever. (Id.) In his Affirmation in support of the motion for summary judgment, Plaintiff's counsel affirms that Plaintiff has not paid the balance. (Iannarone Aff. ¶ 25.)

This evidence constitutes sufficient proof that the Defendant defaulted on her student loan debt. See e.g., United States v. Brow, No. 01-CV-4797 (NGG), 2011 WL 2845300, *3 (E.D.N.Y. July 13, 2011) (finding that promissory note and Certificate of Indebtedness from United States Department of Education sufficient to hold defendant liable); see also United States v. Terry, No. 08-CV-3785 (DRH) (ETB), 2009 WL 4891799 (E.D.N.Y. Dec. 11, 2009). The conclusory denial of knowledge and responsibility in Whitaker's Answer are insufficient to overcome this proof. Accordingly, because there is not a genuine issue of material fact in dispute, the court grants the United States' motion for summary judgment.

### B. Damages

Under 20 U.S.C. § 1080(a), the "amount of loss" that the United States can recover on a defaulted student loan claim is "an amount equal to the unpaid balance of the principal amount" as well as accrued interest. The United States may also recover reasonable costs associated with the collection of a defaulted loan. See id. § 1080(b).

According to the Certificate of Indebtedness, as of May 14, 1999, Whitaker owed $1,413.69 in principal obligations and $1,207.06 in interest, with interest accruing on the principal at a rate of 8% per year or 31 cents per day. (Cert. of Indebtedness at 1.) Between May 14, 1999 and November 18, 2011, an additional $1,414.95 in interest accrued. Therefore, as of November 18, 2011, the United States is entitled to $1,413.69 in principal obligations and

5

$2,620.35 in interest, for a total of $4,034.04. Interest shall continue accrue at the same rate, 31 cents a day, from the date of this order until the date judgment is entered. The United States is also entitled to post-judgment interest under 28 U.S.C. § 1961.

The United States also seeks costs associated with this action. (Compl. ¶ 4.) The court refers a determination on this issue to Magistrate Judge Andrew L. Carter for a report and recommendation pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 686(b)(1)(B).

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion for summary judgment and awards Plaintiff $4,034.04. Pre-judgment interest shall continue to accrue at the rate of 31¢ a day from November 18, 2011 until judgment is entered. Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Plaintiff's motion for costs associated with this action is REFERRED to Magistrate Judge Andrew L. Carter for a report and recommendation. SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York                    NICHOLAS G. GARAUFIS
        November 18, 2011                     United States District Judge

6